Soates, Justice, delivered the opinion of the court: Helm filed his bill in chancery against Edwards, as mortgagor, Craig and Warner, as judgment creditors of Edwards, and the other defendants, as his assignees, to foreclose a mortgage executed to him on the 29th of May, 1837, acknowledged on the same day, and duly recorded the next. The bill and mortgage recite that Edwards as principal, and Helm and James R. Gray, as his sureties, executed their note to one N. A. Ware, on the 6th of July, 1836, payable two years from date, for six thousand dollars, bearing twelve per cent, interest per annum from date ; that the said Edwards being indebted to Helm in che sum of seven thousand dollars, executed his note to himfor that sum, on the’ 14th of July, 1836, payable on the 14th of January, 1837, and bearing twelve per cent, interest per annum from date. The condition of defeasance in the mortgage is for the double purpose of securing Heim, in his own debt, and also to secure him in his liability as surety; and it authorizes Him to pay the debt for which ["*'144] he was liable as surety, and to hold it as the mortgage debt. The prayer of the bill is for a strict foreclosure for Helm’s own debt of seven thousand dollars. All the defendants except Craig and Warner, made default and, the bill was taken pro confeso as to those who did not answer. Craig and Warner answered: that Ware sold and conveyed to Edwards an undivided fourth part of block forty-nine [49], mentioned and contained in the mortgage, and for which the note of six thousand dollars was given, and of all which Helm well knew, and had notice at the execution of the note and mortgage respectively ; that for a valuable consideration, Ware assigned the said note to Warner; and for like consideration,Warner assigned the said notes to the defendants, Craig and Warner ; that the note being unpaid, they brought suit against Edwards, Helm and Gray, and obtained a judgment against Edwards, on whom alone process was served at the October term, 1838, of the municipal court of the city of Alton, for $7613.27; that on the 29th of October, 1838, execution issued on said judgment, against Edwards’ estate directed amd delivered to the sheriff of Madison county, who, on the 14th of December, 1838, levied the same on the undivided half of block forty-nine [49], except 45 feet onSecondstreet, and 38 feet on Piasa street, running back to the center of the said block, and which is part of the mortgaged’ property; that on the 21st of March, 1839, the sheriff sold the same to the defendants, by their attorneys, for the sum of $1904, and the same not being redeemed, on the 2nd of March, 1841, a’ deed was executed and acknowledged to them by the sheriff, and recorded on the 20th of the same month ; that another execution issued in like manner, which the sheriff levied about the 12th of June, 1839, on the feet in block forty-nine [49] excepted on the former writ, also, on the south half, and the south half of the north half of section eight [8], town four [4] north, range seven [7] west, and the south east quarter and the west half of the north east quarter, and the south east quarter of the north east quarter of section seven [7], in the same town and range, which are also parts of the mortgaged premises ; that the same were sold on the 6th of July, 1839, to the defendants, by their attorneys, the lot for $2000, and the remainder for $4224.52, and the premises, not being redeemed, were conveyed to them by the sheriff, on the 2nd of March, 1841, and the deed duly acknowledged and recorded on the 22nd of March-, 1841. They aver that the premises in fee are not worth more than they have bid and given for the same; and that they will lose their debt if they are compelled to redeem. They further aver that the said note and judgment are not otherwise paid, liquidated, or discharged, than by these proceedings ; that they are willing to relinquish their right in said lands, if the sale can be set aside, or the complainant be permitted to redeem [* 145] their judgments, and only upon that condition that_ the complainant foreclose, to wit, paying and satisfying the said debt. The complainant replied to the answer. No proofs were taken, and the court below heard and decided the cause upon bill, answer, and replication. The decree was against Edwards for the debt; and it was further decreed, that the defendants, or some one of them, pay the said debt, on or before the first day of the next term of the Madison circuit court, and on failure, that each and all of them be foreclosed; and a commissioner was appointed, in that event, to convey. The plaintiffs in error, assign eight errors, in substance questioning the decree of strict foreclosure, and the judgment of the court in not decreeing Craig and Warner to be first paid, or paid pro rata, or have their judgment incumbrance redeemed. In the first place, I would remark, that it appears from the mortgage and answer, that the defendants had levied upon and sold the south half of the north east quarter of section eight [8], and the sou.th east fourth of the north east quarter of section seven [7], in town four [4] south, range seven [7] west; and 45 feet front on Second street, running back 118 feet on Market street, which premises are not in the mortgage, nor does their separate value appear in the record. I mention this as the opinion of the court is predicated upon a want of sufficient facts upon the record to enable it to determine what decree, in equity and good conscience, ought to be made. Helm was liable for this debt, as Edwards’ surety. It has been paid by a sale of the mortgaged premises inpart, if that sale was of the fee, and is good and valid to pass it, otherwise not; as the defendants say the premises are not worth more than what they gave, and if compelled to redeem the mortgage, they will lose their debt. Now, it would not be equitable to permit Helm’s liability to be discharged by a sale of these lands to Craig and Warner, in satisfaction of their debt; and then allow him, in a court of equity, a strict foreclosure of these same lands, or compel Craig and Warner to redeem the equity, by paying their full worth again, and by which they would lose their own debt. Neither would it be just to compel Helm, under the circumstances, to pay the whole judgment debt, to remove its lien and the encumbrance, by sale on the execution. In that case, Craig and Warner would get the land sold on the executions, and not embraced in the mortgage, for nothing. The court could not make an apportionment, because their separate values are not returned. The answer sets forth enough to induce the court to believe, that a decree ought not to be made upon the facts in the bill and answer. Yet the court cannot give specific affirmative relief to the defendants upon an answer merely, but ['* 146] only so far as a refusal of relief to the complainant would amount to it. Therefore it cannot decree that the sale be set aside ; nor that the complainant be compelled to pay the judgment, on account of the vendor’s lien on a part of the mortgaged premises ; nor would the court say that the mortgage enures to the benefit of the promisee or his assignees, and decree a foreclosure for his benefit. All these matters should be presented by bill, or cross-bill, so that the-complainant might plead or answer such facts, if such exist, as might destroy or modify these rights. It is said that the executions were only levied upon the mortgagor’s equity of redemption. The answer insists that the fee was sold, and the amount given was the fair value of the fee. Here again we are at a loss for facts in this record. The fee was not in the mortgagor free of this encumbrance. The only estate he had was the equity of redemption. Whether that, or a greater estate-was taken on execution and sold, we cannot determine from the record. As, therefore, the answer discloses such equity as to deny the relief; and as it might do injustice to the complainant to dismiss his bill, or deny him relief without opportunity of answering the equity set up by the defendants, the court will not now go into an examination of the several questions argued; but will reverse the decree, and remand the cause, with leave to the defendants? Craig and Warner, to file a cross-bill. Decree reversed, and cause remanded with directions to the court below to permit the defendants, Craig and Warner, to file a cross-bill; the costs to abide the event of the suit. Decree reversed. After the argument in this call had commenced, J. Young Scammon filed the affidavit of the clerk of the court, showing that some of the plaintiffs in error were non-residents, and the others insolvent, and moved, in behalf of the clerk, that they be required to file security for costs. Per Curiam : The motion is made too late, and must be denied. It would require time to notify the plaintiffs in error, and to enable them to comply with the motion, should it be granted, and thus the cause would be suspended in its argument. It is but reasonable to require all such motions to be made at an earlier stage of the cause. Motion denied.